## Case No. 3,464.

### CULBERTSON v. WABASH NAV. CO.

[4 McLean, 544.][1]

Circuit Court, D. Indiana. May Term, 1849..

JURISDICTION—CORPORATION OF TWO STATES—PLEADING DEMURRER.

1. A company incorporated by a law of Indiana, and also a law of Illinois, to improve the navigation of the Wabash, which constitutes, to· some extent, the boundary between the two· states, the general place of meeting of the directors to do business being in Indiana, the records being kept there, suit may be brought by, or against the corporation in that state.

2. If a plea answer only a part of the count in the declaration, it is demurrable.

[At law. Action by Samuel Culbertson against the Wabash Navigation Company to· recover for a breach of contract.]

Smith, & Marshall, for plaintiff.

Judah & Sullivan, for defendant.

OPINION OF THE COURT. This action is brought on a contract to improve the navigation of the Wabash river, by various works specified, which were to be completed on the 1st of November, 1848, dated 24th of August, 1847. And it was provided that if at any time the party of the first part, shall refuse or neglect to push the work in a manner that ·will .warrant its completion within the time specified, or to do the same in a workmanlike manner, and agreeably to said writing, the engineer may, at his discretion, declare said writing forfeited, which declaration of forfeiture should exonerate the defendants from all obligations and liabilities arising from said writing; and that one-sixth per centage on the whole work then due shall be forfeited to the said defendants. And it was agreed that the decision of the engineer should be final. The right to change the contract was reserved in the company, and the plaintiff alleges, that the contract was so changed as greatly to increase the labor, expenditure and materials, so that the work could not be completed within the time limited.

The defendant filed: (1) A plea to the jurisdiction of the court—that the defendant is not a corporation created by, and transacting its business within the state of Indiana, but was constituted by the states of Indiana and Illinois. By the act of 13th January, 1846, made dependent upon the consent of Illinois. That the consent of Illinois was given 30th January, 1847, whereby the above company was incorporated, .and that the company was organized under both laws. (2) That of the six directors, two of them reside in Illinois and are citizens of that state. (3) That the business of the company, the erection of certain works on the Wabash river, the banks of which are within the peculiar jurisdiction of each of said states, and

[1] [Reported by Hon. John McLean, Circuit Justice.]

the other part is within the concurrent jurisdiction of the said states. (4) That the directors have met as well in the state of Illinois as in the state of Indiana, for the transaction of their business, as its nature rendered it convenient. And that there is no particular place of business established for said company by the act or by the laws of the company. (5) That the stockholders are citizens of Indiana and Illinois. (6) That Culbertson, the plaintiff, is a stockholder. Replication that the president and secretary reside in Indiana—directors were there elected, and that Vincennes is the place of business, etc. Demurrer, etc.

The defendant filed a special demurrer to the declaration. And the plaintiff demurred to the sixth and seventh pleas, filed by the defendant. The declaration avers the plaintiff to be a citizen of Pennsylvania, and complains of the "Wabash Navigation Company, a citizen of the state of Indiana," etc.

By the decision of the case [Cincinnati, L. & C. R. Co. v. Letson] 2 How. [43 U. S.] 497, the right of a corporation, to sue in the courts of the United States, as a citizen of the state in which its business is done, is recognized, without regard to the citizenship of its stockholders. Under the prior decisions, jurisdiction was taken from the citizenship of the stockholders, which created embarrassment and deprived many corporations from suing in the courts of the United States. To give them the rights of citizens of the state where their business is done, carries out, more perfectly, the intention of congress, by enabling citizens of different states to sue in the federal courts.

The question now before us is one that has not, it is believed, arisen in any of the federal courts. It is argued that as the corporation derives its function from both states to accomplish an important work, on a river, which is the boundary of both, at least, to a certain extent, that the courts of the United States can not take jurisdiction, as the place of business of the corporation is in both states, and not, exclusively, in either. Illinois having assented to the work, and conferred on the corporation the necessary powers, so far as its jurisdiction is concerned, there can be no doubt as to the powers of the corporation. And the question is, as to the locality of the place in which the business of the corporation is done. Under the joint act of two states, the powers conferred to be exercised for the benefit of both, may be exercised in either. The act does not require the business to be done in either state, as regards the action of the directors; the work is to be done in both. But we are not now speaking of the manual labor required, whether it be on one side of the river or the other, but as to the power to make the contract, and to superintend the work. In this respect it would seem the claim of Indiana is paramount to that of Illinois. The act was first passed in Indiana, the company

was organized in it, the president and secretary have constantly resided in Indiana, and a majority of the directors, and their principal business, at least, has been done at Vincennes, the residence of the president and secretary. And if, in one or more instances, the directors have met, in Illinois, to judge of a work to be constructed, it does not affect the general residence in Indiana. The books of the company are kept in Vincennes, in Indiana, which is the general place of meeting, and where the business of the directors is partially done. This, we think, is sufficient to make the defendant responsible to the jurisdiction of Indiana, and would enable the corporation to bring suit in that state. And we suppose that the corporation might also sue in Illinois. On the principle of comity a corporation may sue in a state, other than that which creates the corporation; and in this case there is more than comity. There is a legal sanction to the corporation by the laws of Illinois. We think, therefore, that the jurisdiction of this court may be sustained in this case. The plaintiff is alleged to be a stockholder in the corporation, but this, we suppose, does not prevent him from suing the company under the contract. His interest in the company extends to the stock he has subscribed and the consequent rights of one of the corporators; but he is individualized in the contract; and whilst he would be held, under it, individually responsible, he must have a remedy against the corporation for any failure on its part.

A special demurrer is filed to the declaration. After stating the power by the defendant to alter the contract, the declaration avers, "that after the making and delivery of said writing obligatory the said defendant altered said specifications and greatly increased the amount of work to be done by said plaintiff under said contract, to wit: in the sum of five thousand dollars, and thereby so increased the amount of labor to be done and materials to be furnished by plaintiff and said Isaac, that they could not perform the same within the time specified therein." The cause of demurrer assigned is a want of certainty in the excuse, for not performing the contract within the time limited. On a general demurrer we suppose the declaration might have been sustained, but it is not good on a demurrer where the causes are assigned. The specifications may be considered more a matter of form than substance. But it is proper that the defendant should have reasonable notice of the alterations in the contract by way of excuse, that the defendant may meet them by proof. In this respect, we think, the declaration is defective and that the demurrer must be sustained. The sixth plea alleges that the defendant did not alter the contract so as to increase the amount of work to be done, so that the same could not be completed within the time limited. This plea answers only a part of the second count in the declaration.

The plaintiff alleges that he was prevented from going on with the work. To this important allegation no answer is given. The plea, therefore, that the alterations did not so increase the labor of the defendant so that the same could not be completed within the time limited, answers only a part of the allegation in the count, and the plea is, therefore, defective. The demurrer to it is sustained. On the same ground the demurrer must be sustained to the seventh plea. That plea avers that the alterations mentioned in said second count did not require any extension of the time, but does not answer the other and important averment in the count, that the plaintiff was prevented from going on with the contract.

On application, leave is given to plaintiff and defendant to amend their pleadings.

[NOTE. On the trial of this cause on the merits, the plaintiff had a verdict, and recovered a judgment for an amount approximating $10,-000. See the statement in Case No. 3,461.]