CIRCUIT COURT FOR CLACKAMAS COUNTY, MARCH TERM, 1868.*

## GEORGE AND THOMAS MILLER *v.* OREGON CITY PAPER MANUFACTURING COMPANY.

CONFESSION OF JUDGMENT.—Where a confession of judgment is made, "in an action pending," the statement mentioned in sec. 252 of the Code is not requisite.

CORPORATION.—The president of a private corporation is competent to confess judgment.

JUDGMENT, HOW SET ASIDE.—A charge of actual fraud, in procuring a judgment by confession, should not be finally determined on motion and affidavits.

PARTIES.—A corporator may sue his corporation.

DIRECTOR.—A director is not bound by the vote of a majority, where he claims on a contract in which he is one party and the corporation another. The court refused to set aside a judgment in favor of a director and against his corporation, obtained by confession.

CONFIRMATION OF SALE.—A mere judgment creditor, who is not a party to the action, cannot appear to oppose the confirmation of a sale.

*Mitchell, Dolph* and *Smith* for George and Thomas Miller.

*W. W. Page, contra.*

THREE different parties had each commenced an action against this defendant, a private corporation, and each had obtained a judgment by confession, the president of the defendant having confessed judgment in each case on the 3d day of July, 1867. The names of the plaintiffs and the amount recovered by them, respectively, are as follows :

---

(*a*) The jury having been discharged without a verdict, a compromise was effected, and judgment entered by consent.

* This case was, by consent, argued in Multnomah County at chambers. The decision was affirmed on appeal, under the name of *Miller Brothers* v. *Bank of British Columbia.*

Charles S. Miller recovered $6,373 30, A. J. Block recovered $378 67, and the Bank of British Columbia recovered $10,040.

Execution was issued in each case, and real estate, namely, the defendant's factory, having been sold, each of the said plaintiffs moved for confirmation of the sale. These plaintiffs, George and Thomas Miller, commenced an action against the same defendant about the same time, and on the 19th day of July, 1867, obtained a judgment by default for $1,147 12. They have filed a motion, supported by affidavits, to set aside each of the three judgments so obtained by confession. And they also appear in each one of those cases, and oppose the motions for confirmation of the sale.

By consent of all parties, all these motions are taken under consideration at one time and submitted upon the same argument.

It is claimed that the judgments by confession should be set aside, for these reasons :

1. There is no statement of the facts out of which the indebtedness arose.

2. The president of the corporation was not authorized to confess judgment.

3. Fraudulent acts of the defendant and of the plaintiff Block, stated by affidavit.

4. The plaintiffs Charles Miller and Block are directors.

UPTON, J., filed the following opinion.

It is claimed that the confessions in these cases are irregular, for want of a statement of facts in compliance with section 252 of the code. The code recognizes two modes of confessing judgment, namely, "without action" and "in an action pending." In the former, "the confession shall be made, assented to and acknowledged, and judgment given in the same manner as a confession in an action pending ;" and it "shall state plainly the facts out of which the indebtedness arose." I cannot think that the statute requires the same statement of facts to be contained in the judgment where the confession is made "in an action pending." It seems that such statement is to stand in the place

of a complaint in a case where judgment is confessed without action.

When an action is commenced, and a complaint filed, which would be good on demurrer; and the defendant confesses its truth, and otherwise complies with the statute, it is not required to make the statement mentioned in section 252.

In regard to the authority of the president of a corporation to confess a judgment, section 248 designates that officer as one competent to make the confession; and I think there is no rule of law that will require him to place on file, or to exhibit evidence of his being specially directed or authorized in the particular case by the directors, or other power of the corporation. If he should act wholly without such direction, and even against the interest of the corporation, it is doubtful whether any one except the corporation could raise the objection, unless by a bill in chancery. Another question is, whether fraud in the confession of the judgment, not appearing on the record, can be set up by motion and tried upon affidavits.

I am satisfied upon examination of authorities, that a junior judgment creditor is entitled to obtain relief upon motion, where the record shows that a judgment by confession has been irregularly entered. But it is not clear that a charge of actual fraud in procuring the confession, not supported by the record, ought to be tried upon motion and affidavits; none of the authorities cited go to that extent.

The trial of a disputed question of fact upon affidavits, to the exclusion of all benefit of cross-examination, is at the least, a most unsatisfactory mode, and if ever permissible as a means of establishing fraud in fact, it should only be resorted to in plain and undisputable cases.

A charge of actual fraud in procuring a judgment by confession, not supported by the record, should not be finally determined upon motion and affidavits.

Whether one who is a director can sue the corporation in which he holds that position, is a question raised in this case, but no authorities are cited in opposition to such proceeding.

It is well established that a corporator may contract with his corporation, and sue or be sued on his contract. (*Calbertson* v. *Wabash Nav. Co.*, 4 McLean, 544; 3 Mass. 385.) And I know of no sound reason for a distinction in this particular between a director and any other corporator.

Although he is bound by a vote of a majority, even when he dissents, this is not the case when he claims on a contract, in which he is one party and the corporation another. (*Revere* v. *Boston Copper Co.*, 15 Pick. 363.)

It does not appear affirmatively but that the president acted by the direction of the directors.

I think the proceedings are not shown by the record to be irregular, and that the matters set up by affidavit do not warrant the court in determining, upon motion, that the judgments are fraudulent in fact. These motions must, therefore, be denied.

According to section 293 of the code, objection to confirmation of the sale can only be made by "the judgment debtor, *or*, *in case of his death*, his representative." As mere judgment creditors, not parties to the action, George and Charles Miller cannot appear in this motion.

As no competent party has filed objections, the sale must be confirmed.